### SALE OF OUTPUT OF COAL HELD UNENFORCEABLE.

Circuit Court of Cuyahoga County.

THE INDEPENDENT COAL COMPANY v. C. N. QUIRK ET AL.

Decided, June 11, 1907.

*Contracts—Must be Mutuality.*

When one agrees to purchase the entire output of another's plant and pay for it at a certain price, but there is no agreement on the part of the seller to deliver his entire output, upon a suit for the price of goods delivered under this contract; *Held*: That defendant has no counter-claim for damages by reason of plaintiff's failure to send him his entire output as there was no enforceable contract.

*Kerruish & Kerruish*, for plaintiff in error.
*Hamilton & Smith*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The defendant in error recovered a judgment against the plaintiff in error for coal sold and delivered under the following contract:

"C. N. Quirk, Pres., P. F. Walthour, Vice-Pres. and Gen'l Mgr., H. F. Thrasher, Sec. and Treas.
"NORTHERN OHIO COAL AND COKE SUPPLY COMPANY.
"Superior Gas and Steam Coal a Specialty.
"Reference.                           General Office.
"First National Bank.
                           "CHARDON, OHIO, Aug. 9th, 190-.
                 "Contract for Coal.
"Agreement between the Independent Coal Company of Cleveland, Ohio, by P. P. Quail, its manager, party of the first part and Northern Ohio Coal and Coke Company, by H. J. Thrasher, Secretary, party of the second part; Witnesseth:—Said party

of the first part agrees to take all surplus coal of said party of the second part in the amount of all that said party can ship outside of local trade.

"The price of these deliveries is to be 97½ cents, per ton f.o. b. mine until September 1st, 1902, and $1.00 per ton f.o.b. mine from September 1st, 1902, until January 1st, 1903. The grade of coal to be run of mine from the Chicera mine of the Chicera Coal and Coke Company of Chicera, Penn. If rate of freight changes higher the Independent Coal Company have right to cancel this contract.

"(Signed)   THE INDEPENDENT COAL COMPANY,
            "By P. P. QUAIL,
                "Manager.
            "NORTHERN OHIO COAL & COKE SUPPLY CO.,
            "By H. J. THRASHER,
                        "Secretary & Treasurer."

The plaintiff in error was defendant below and interposed a counter-claim upon the alleged failure of the defendants in error to carry out their part of the contract. Its answer alleges that when the price of coal went up, the plaintiff below failed and refused to deliver all of its surplus coal not required for the local trade, by reason of which plaintiff in error was compelled to and did buy certain large amounts of coal needed by it, and to pay a price in excess of that named in the contract. It, therefore, asks damages for the difference.

This case has been here before with the parties standing in the same relation as they stand now. At that time we reversed the judgment of the court below for misconduct of the jury. Our attention was not then challenged to the fact that under the pleadings and written contract there was no question for the jury to decide. Had our attention been so challenged we should have been obliged to say this contract is entirely one sided and does not require the defendants in error to deliver any coal whatever. Compare *Herrick* v. *Wardwell et al*, 58 O. S., 294. Its effect is to bind the plaintiff in error to pay for any coal that may have been delivered to and accepted by it in pursuance of this contract. This result was reached by the court below, though not upon the same ground.

The judgment is affirmed.